## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) **CRIMINAL NO. 09-CR-30012-MAP** |
| **DARRIST LOMAN,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## <u>REQUEST TO BE APPOINTED AS COUNSEL</u>

Now comes William J. O'Neil, former counsel for the defendant, Darrist Loman, who moves this Honorable Court, pursuant to General Order 15-1 of the United States District Court for the District of Massachusetts and 18 U.S.C. 3006A(a)(1) and (c),  for an order appointing him as counsel for Mr. Loman for the purpose of pursuing federal habeas relief under either 28 U.S.C. 2255 or 28 U.S.C. 2241 in light of Johnson v. United States , __ U.S. __, 2015 WL 2473450 (June 26, 2015).

As grounds for this request, counsel states that on February 22, 2010, the defendant was convicted of violating 21 USC §84l(a), and 18 USC §922(g)(1). He was sentenced to 188 months on each count, the sentences to be run concurrently.  Mr. Loman was determined to be an Armed Career Criminal pursuant to 18 USC §924(e). The Office of the Federal Defender has reviewed this matter and has determined that Mr. Loman has a colorable claim for relief under either 28 U.S.C. 2255 or 28 U.S.C. 2241 in light of Johnson v. United States , __ U.S. __, 2015 WL 2473450 (June 26, 2015).

The Armed Career Criminal determination was based upon the following predicate offenses: 1) Resisting Arrest; 2) Assault and Battery on a Police Officer; 3) Assault and Battery;

and 4) Assault by Means of a Dangerous Weapon. It appears that, based upon the holding in

Johnson, the first three convictions should not have been counted as predicate offenses under the

ACCA. Although the First Circuit has recently held that the crime of Assault by Means of a

Dangerous Weapon is a crime of violence under the ACCA, see United States v. Whindleton,

CA 14-1932, a Motion for Rehearing and Suggestion for Rehearing En Banc is presently

awaiting a determination by the Court of Appeals. As result the holding in Johnson, it appears

that Mr. Loman has a colorable claim for relief.

In addition to the above issues related to the sentence pursuant to the ACCA, counsel

hereby notes that the narcotics involved in this case were tested by Sonja Farak at the Amherst

Crime Laboratory. Recently discovered evidence discloses that Sonja Farak may have been

tampering with drug evidence in a time frame much earlier than as disclosed by investigators and

could include the time frame during which the drugs in this case were tested, which was in May,

2009. Counsel has been made aware the Massachusetts Attorney General's Office, in

conjunction with a retired Massachusetts Superior Court judge, is presently conducted

inspections of all cases which Ms. Farak has worked on in the Amherst Crime Laboratory and is

expected to provide additional discovery materials. Counsel submits that this may provide an

additional avenue of relief for Mr. Loman.

Based upon the above, the undersigned respectfully requests that he be appointed to represent Mr. Loman.

November, 4, 2015                         /s/ **William J. O'Neil**
                                          William J. O'Neil
                                          The Law Office of William J. O'Neil
                                          7 Stockbridge Street, P.O. Box 30002
                                          Springfield, MA 01103
                                          (413) 733-6821
                                          BBO No. 548445

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

November 4, 2015                          /s/ **William J. O'Neil**
                                          William J. O'Neil