```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS


DARRIST LOMAN,                      )
    Petitioner,                     )
                                    )
            v.                      ) NO. 09-CR-30012-MAP
                                    )
UNITED STATES OF AMERICA,           )
    Respondent.                     )


              MEMORANDUM & ORDER REGARDING
     DEFENDANT'S MOTIONS TO VACATE OR CORRECT SENTENCE
                   (Dkt. Nos. 39 & 74)

                      July 27, 2017
```

**PONSOR, U.S.D.J.**

Petitioner has moved for resentencing based on the fact that he was mis-designated under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). He has also moved to withdraw his guilty plea on the ground that the chemist who evaluated the drug sample supporting his guilt was subsequently found to be corrupt.

For the reasons set forth below, the motion for resentencing will be allowed (Dkt. No. 39), and the motion to vacate the guilty plea will be denied (Dkt. No. 74).

The facts are straightforward. At the time Petitioner was considering whether to plead guilty, he appeared to be facing a sentencing guideline range of 248 to 295 months. This range was based upon his career offender status under § 4B1.1 of the sentencing guidelines, which generated a total

offense level of 31 and a criminal history category of VI, fixing a confinement range of 188 to 235 months, plus a mandatory consecutive sentence of 60 months. At the same time, he faced what appeared to be a granite floor to his sentence of 180 months, the mandatory term given that he was designated -- incorrectly, as we now know -- an armed career criminal.

Under these circumstances, the plea offer made to Petitioner by the government of 188 months was one no minimally prudent person could refuse. With the government agreeing to drop the 60 month consecutive sentence, Petitioner would be serving only eight months more than the mandatory minimum under the ACCA. It is hard to conceive of anyone turning down this offer.

The government now essentially concedes that, under subsequent Supreme Court authority, the 180-month ACCA floor was, as a constitutional matter, illusory. At the time of sentencing, Petitioner appeared to have at least three predicate convictions that would qualify him for the enhanced sentence: one for resisting arrest, two for assault and battery (AB), one for assault and battery on a police officer (ABPO), and one for assault by means of a dangerous weapon (ADW). While Petitioner's conviction for ADW continues to qualify as a predicate offense, <u>United States</u>

v. Whindleton, 797 F.3d 105 (1st Cir. 2015), the conviction for resisting arrest unequivocally does not. United States v. Faust, 853 F.3d 39, 55 (1st Cir. 2017) (concluding that the offense of resisting arrest is neither categorically a crime of violence nor divisible). As for the convictions for AB and ABPO, those offenses are not categorically crimes of violence, but they are divisible. Id. at 58; United States v. Martinez, 762 F.3d 127 (1st Cir. 2015). However, the government cannot show through Shepard-approved documents that Petitioner was convicted of the violent forms of these crimes. Accordingly, Petitioner did not, in fact, qualify as an armed career criminal.

Under these circumstances, even though Petitioner remains a career offender, the fact that the court approved the 188 month sentence in the shadow of what appeared to be the minimum mandatory ACCA 180-month term, requires the court to resentence.

It is significant that both in Petitioner's pro se submission and in the supplemental submission of counsel for Petitioner, the only remedy explicitly requested was a resentencing. After filing his initial petition, Petitioner then moved to withdraw his guilty plea, arguing that his plea was not entered willingly, freely, and voluntarily since he was not informed at the time of corruption by the

government's chemist and this misconduct was material to Petitioner's choice to plead guilty. (Dkt. No. 74.) The argument for this more fundamental remedy is weak.

On the one hand, Petitioner has filed an affidavit stating that if he had known of the chemist's lengthy corrupt behavior, he would not have pled guilty. The objective facts, however, press overwhelmingly against this assertion. Petitioner was arrested following a lengthy high-speed motor vehicle chase, a foot race, and two physical struggles. During this fracas, he was seen discarding a hand gun. When apprehended, he was found in possession of a large amount of what the arresting officer identified as crack cocaine. The grand jury testimony of the officer, based on his extensive experience, strongly supported the government's argument that the substance seized was indeed crack cocaine.

As sincere as Petitioner's protestations may be now, it is virtually inconceivable that anyone facing the factual scenario confronted by Petitioner would have chosen to go to trial just because the government lacked a chemist's testimony. The law is clear, and Petitioner concedes, that an expert chemist was not essential to get the issue to the jury. The testimony of the officer identifying the crack cocaine would have been enough.

For the foregoing reasons, the motion for resentencing is hereby ALLOWED, and the motion to withdraw the guilty plea is hereby DENIED.  The clerk will set this matter for a resentencing.  Petitioner is cautioned not to indulge in false hope.  It is possible the court will impose the same sentence.  Nevertheless, given the change in the law, the prison term requires reconsideration.

It is So Ordered.

                                          /s/ Michael A. Ponsor
                                         MICHAEL A. PONSOR
                                         United States District Judge